# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE OHIO NATIONAL LIFE INSURANCE COMPANY, *et al.*,<br><br>　　　　Defendants. | Case No. 18–cv–17191–MCA–ESK<br><br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

　　**TWO NON-PARTIES**, Avantax Investment Services, Inc. (Avantax) and Veritas Independent Partners, LLC (Veritas), have filed a motion (Motion) pursuant to Federal Rule of Civil Procedure (Rule) 24(b)(1)(B) to permissibly intervene in this case for the following limited purposes:

> 1) to allow for Avantax and Veritas to seek production of the transcripts and exhibits from depositions in this case of [defendants'] employees and former employees for use in the parallel action of *Veritas Independent Partners, et al. v. Ohio National Life, et al.*, No. 1:18–cv–769, pending in the U.S. District Court for the Southern District of Ohio (the "Veritas Suit"); and 2) to allow for Avantax and Veritas to seek production of the approximately 110,000 pages of documents produced by [defendants] in this UBS case (both subject to the protections of the protective order in the *Veritas* Suit).

(ECF No. 78–1 at p. 1; *see also* ECF No. 78 though ECF No. 78–9.)  Defendants — Ohio National Life Insurance Company, Ohio National Life Assurance Corporation, Ohio National Equities, Inc., and National Security Life and Annuity Company (collectively, Ohio National Insurers) — oppose the Motion in its entirety.  (ECF No. 80 through ECF No. 80–7.)  Avantax and Veritas have replied.  (ECF No. 90.)

Plaintiffs — UBS Financial Services Inc. and UBS Financial Services Insurance Agency Inc. (UBS Financial Advisors) — initially state in their response that they "take[] no position on the pending [M]otion" (ECF No. 88 at p. 1), but argue nonetheless that: (1) the Ohio National Insurers "continue to withhold such clearly relevant documents from production, asserting baseless privilege claims as a pretext for doing so" and that "[t]hose issues are currently being litigated before the Special Master — where the Court directed these disputes be resolved"; (2) the Ohio National Insurers "have consistently exploited the confidentiality order in this case with indefensibly over-broad confidentiality designations"; (3) the Ohio National Insurers' "abuses extend to deposition testimony as well; they have designated large swaths of deposition transcripts 'Confidential' — even after [the UBS Financial Advisors] brought these issues to their attention — without providing any legitimate basis"; and (4) they "look[] forward to resolving the parties' discovery issues before the Special Master." (*Id.* at pp. 1–2.)

This Court will resolve the Motion upon review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). This Court: (1) grants the part of the Motion wherein Avantax and Veritas seek to permissibly intervene in this case; and (2) administratively terminates without prejudice the part of the Motion wherein Avantax and Veritas seek the production of certain deposition transcripts and exhibits and of certain documents, with leave to Avantax and Veritas to seek that relief in separate papers before the Special Master. The reasoning for this holding is as follows:

1. The UBS Financial Advisors allege that: (a) they entered into a sales agreement (Agreement) under which they earned commissions from the Ohio National Insurers for selling certain annuities (Annuities) to their clients (Clients); (b) the Ohio National Insurers, upon determining that the Annuities were no longer profitable, encouraged the UBS Financial Advisors to convert their Clients' investments in the Annuities to other Ohio National Insurers' products; (c) the UBS Financial Advisors advised the Clients not to so convert; and (d) the Ohio National

Insurers breached the Agreement in retaliation by refusing to pay the commissions owed for previous sales of the Annuities until the Clients cashed in the Annuities. (ECF No. 1.)

2. Although this case was initially filed in December 2018 (ECF No. 1), a pretrial scheduling order was not issued until May 21, 2019. (ECF No. 26.)

3. A discovery confidentiality order was entered on June 3, 2019. (ECF No. 30.) An amended discovery confidentiality order was then entered on September 10, 2019 (September 2019 Order), which still controls in this case. (ECF No. 41.)

4. Due to "the number of anticipated discovery disputes, as well as the likelihood that new disputes w[ould] arise with regularity for the duration of the discovery period," the Court "appoint[ed] a special master in this case … pursuant to Rule 53(a)(1)(C)" by an order entered on January 9, 2020 (January 2020 Order). (ECF No. 64 at p. 3.) The January 2020 Order specifically directed that the special master would "oversee … all discovery disputes and motions related thereto," including "new discovery issues" that arose after the entry of the January 2020 Order (*id.* at p. 4), and "that the confidentiality of any materials or arguments presented to the special master will be treated in accordance with the [September 2019] Order." (*Id.* at p. 5.)

5. Avantax and Veritas now move to intervene in this case to obtain: (a) transcripts of "the testimony of four … [Ohio National Insurers] witnesses central to the distribution of variable annuities and trail commission program and identified by [the Ohio National Insurers] as witnesses and/or custodians of relevant records in various actions: Douglas Cooke, John Mulhall, Martin Griffin, and Thomas Barefield"; and (b) "approximately 110,000 pages of documents in this case … involving only one broker dealer," because the Ohio National Insurers "ha[ve] produced less than 34,000 in the [*Veritas* Suit] where over 250 broker dealers are involved." (ECF No. 78-1 at pp. 2–4.) Avantax and Veritas seek the aforementioned discovery for use in the litigation in the *Veritas* Suit, wherein Avantax and Veritas are prosecuting a class action alleging that the Ohio National Insurers similarly

3

breached agreements to pay commissions on sales of the Annuities. Avantax and Veritas profess that their goal is to "avoid duplicating discovery efforts where appropriate, including by forgoing unnecessary discovery efforts and duplicative discovery efforts." (*Id.* at p. 1.) Indeed, the *Veritas* Suit is so similar to this case that the UBS Financial Advisors saw fit to annex a copy of the initial complaint in the *Veritas* Suit as an exhibit to their complaint. (*See* ECF No. 1–3.)

6.  Permissive intervention is available "[o]n timely motion" when the movant "has a claim or defense that shares with the main action a common question of law or fact," and when the intervention will not "unduly delay" the proceedings or "prejudice" the original parties. Fed.R.Civ.P. 24(b)(1)(B),(3); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 n. 6 (3d Cir. 1994) (stating the same).[1] Under Rule 24(b), the issue to be considered is not whether an intervention by a non-party will merely cause "delay," but whether that delay will be "undue." *Appleton v. Comm'r of Internal Rev.*, 430 F. App'x 135, 138 (3d Cir. 2011) (observing that "any intervention could potentially cause delay," but the possibility of a delay is not the controlling factor). A district court has broad discretion to determine whether permissive intervention in a case is appropriate. *See United States v. Territory of V.I.*, 748 F.3d 514, 524 (3d Cir. 2014).

7.  The Ohio National Insurers do not address whether the Motion was made in a timely manner. (*See generally* ECF No. 87.) This Court on its own concludes that the Motion was timely and will not result in undue delay, because the Motion was filed in March 2020 (ECF No. 78) — which was less than one year after the pretrial scheduling order was issued in May 2019 (ECF No. 26) — and because discovery is ongoing in this case. *See PDX N., Inc. v. Wirths*, No. 15–07011, 2018 WL 3611063, at *4 (D.N.J. July 26, 2018) (granting a motion for permissive intervention because, among other reasons, discovery remained open in the case).

---

[1] Avantax and Veritas do not argue that they should be permitted to intervene as of right. (ECF No. 78–1 at p. 4.) It is also apparent that intervention as of right is not applicable here, and thus this Court will not address it. *See* Fed.R.Civ.P. 24(a).

8. Furthermore, this case is nowhere near the final stages where a viable motion for summary judgment could be filed. *See Boutros v. Restrepo,* 321 F.R.D. 103, 106 (D.N.J. 2017) (granting a motion to intervene where "no dispositive motions ha[d] been filed in th[e] case"). Additionally, it is apparent that intervention by Avantax and Veritas will not interfere with a potential settlement in this case, as the recent appointment of a special master to foster the efficient resolution of ongoing discovery disputes illustrates that a settlement is neither imminent nor forthcoming in the reasonably foreseeable future. *See Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) (holding that a district court should consider whether a non-party's intervention would require negotiations to be reopened in a case that was nearly resolved, thereby causing undue delay); *cf. Territory of V.I.*, 748 F.3d at 524–25 (affirming denial by district court of a motion for permissive intervention where the parties to the action were on the eve of settling their dispute); *Choike v. Slippery Rock Univ.*, 297 F. App'x 138, 141 (3d Cir. 2008) (affirming denial by district court of a motion for permissive intervention where "discovery had … closed" and "the parties had reached a tentative settlement"). This Court also notes that the request to intervene by Avantax and Veritas is not moot, as a review of the docket for the United States District Court for the Southern District of Ohio reveals that the *Veritas* Suit remains pending and is being actively litigated. *See Veritas Independent Partners, LLC, et al. v. The Ohio National Life Insurance Company, et al.*, S.D. Ohio Civil Case No. 1:18–cv–00769.

9. As both this case and the *Veritas* Suit arise out of the same kind of alleged breaches of commission agreements by the Ohio National Insurers, this Court also concludes that the *Veritas* Suit "raises a claim … that shares with [this case] a common question of law or fact," and thus permissive joinder by Avantax and Veritas is appropriate here. Furthermore, the Ohio National Insurers will suffer no prejudice if Avantax and Veritas are permitted to intervene in this case at this juncture, as the Ohio National Insurers must still address the claims and discovery requests brought by Avantax and Veritas in the related *Veritas* Suit. *See PDX N.*,

5

*Inc.*, 2018 WL 3611063, at *4 (in granting permissive intervention, noting that "it is hard to see how [the objecting party] would be prejudiced from same … [because] regardless of whether [the non-party] is permitted to intervene, [the objecting party] will have to address [the non-party's] claims, either here or in a separate litigation"). Also, Avantax and Veritas pledge that "they are not asking to disclose the information to the public at large" (ECF No. 78–1 at p. 11), and this Court would certainly hold them accountable if they were to prejudice the interests of the Ohio National Insurers by violating that pledge.   In stark contrast, Avantax and Veritas would be prejudiced if they were denied the opportunity to intervene in this case, as their interests will not be adequately represented by the UBS Financial Advisors for the simple reason that Avantax and Veritas are currently barred from having access to the confidential material in this case.

10.   This Court, although intending to permit Avantax and Veritas to intervene, will leave the determination as to whether Avantax and Veritas may have access to the discovery in issue to the special master, who has been tasked pursuant to the January 2020 Order with the function of overseeing discovery disputes and enforcing the spirit of the September 2019 Order. (ECF No. 64.) The special master is in the best position to determine the extent to which Avantax and Veritas should have access to the voluminous confidential discovery materials in issue, and this Court has no intention of usurping the special master's authority and expertise. *Boutros*, 321 F.R.D. at 107 (permitting a non-party to intervene in a case, but limiting the extent to which that non-party could have access to discovery on certain issues).

11.   This result was practically pre-ordained based upon the functions of the special master as set forth in the January 2020 Order, as the Ohio National Insurers: (a) have provided a declaration from one of their attorneys that he permitted certain questioning in the depositions at issue "over my objections, because I knew that the … [September 2019 Order] was in place, and would prevent the disclosure of such improperly-obtained 'discovery' outside of this case" (ECF No. 87–2 at pp. 1–2); and (b) argue that Avantax and Veritas "should not be permitted to obtain the benefit of

6

discovery taken (and, indeed used by [the] UBS [Financial Advisors]) in violation of court orders and civil rules." (ECF No. 87 at p. 10.) There is nothing unusual in requiring the relief sought in the Motion to be resolved in separate determinations. *See Everest Nat'l Ins. Co. v. Sutton*, No. 07–00722, 2010 WL 4387522, at *1, *3 (D.N.J. Oct. 28, 2010) (noting a non-party was permitted to intervene in a New Jersey case for the limited purpose of separately seeking production of confidential documents for use in a Colorado case in which the non-party was a litigant); *see also Robotic Parking Sys Inc. v. City of Hoboken*, D.N.J. Civil Case No. 06–03419, ECF No. 113 (July 22, 2009) (granting a non-party's request to intervene in a case to be heard on one discovery issue at a separate time).

12. This Court cautions the non-parties and the Ohio National Insurers to fully inform the special master of the status of the *Veritas* Suit when they appear before him to address these discovery issues.

Accordingly,

**IT IS** on this   **30th** day of **September 2020**   **ORDERED** that:

1. The motion to intervene filed by the non-parties Avantax Investment Services, Inc. and Veritas Independent Partners, LLC (**ECF No. 78**) is resolved as follows:

    a. The part of the motion seeking to intervene in this case is **GRANTED TO THE EXTENT** that Avantax Investment Services, Inc. and Veritas Independent Partners, LLC seek to be permitted to intervene in this case in order to have the opportunity to request access to certain confidential materials.

    b. The part of the motion seeking access to certain confidential materials is **ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE**, and with leave to Avantax Investment Services, Inc. and Veritas Independent Partners, LLC to seek that relief before the special master.

2.     The Clerk of the Court will list Avantax Investment Services, Inc. and Veritas Independent Partners, LLC as intervening parties on the docket.

3.     The Clerk of the Court will not allow Avantax Investment Services, Inc. and Veritas Independent Partners, LLC to have access to any sealed or confidential documents until further order of this Court.

                                               */s/ Edward S. Kiel*
                                               **EDWARD S. KIEL**
                                               **UNITED STATES MAGISTRATE JUDGE**